# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

BLACK SOIL DAIRY, LLC,

    Plaintiff,

vs.

LAND O'LAKES, INC. and RIDLEY USA INC.,

    Defendants.

No. 17-CV-4065-LRR

**ORDER**

## I. INTRODUCTION

The matter before the court is Plaintiff Black Soil Dairy, LLC's ("Black Soil") "Motion for Voluntary Dismissal Without Prejudice" ("Motion") (docket no. 25).

## II. RELEVANT PROCEDURAL HISTORY

On August 15, 2017, Black Soil filed a "Petition and Jury Demand" ("Petition") (docket no. 2) in the Iowa District Court for Sioux County, Iowa. In the Petition, Black Soil asserts three claims against Defendants Land O'Lakes, Inc. ("Land O'Lakes") and Ridley USA Inc. ("Ridley") (collectively, "Defendants"): (1) Count I alleges that Defendants were negligent in a number of respects related to a milk replacement delivered to Black Soil; (2) Count II alleges that Defendants breached an implied warranty of fitness regarding the milk replacement; and (3) Count III alleges that Defendants breached their voluntarily assumed duties. *See* Petition at 3-5. On October 13, 2017, Land O'Lakes filed a Notice of Removal (docket no. 1), bringing the case before the court. On October 16, 2017, Ridley filed an Answer (docket no. 4). On that same date, Land O'Lakes filed an Answer (docket no. 5).

On March 21, 2018, Black Soil filed the Motion. On March 26, 2018, Land O'Lakes filed a Resistance (docket no. 27). On April 3, 2018, Black Soil filed a Reply

(docket no. 35). Ridley does not resist the Motion. *See* Motion at 1. No party has requested oral argument and the court finds that oral argument is unnecessary. The matter is fully submitted and ready for decision.

## III. SUBJECT MATTER JURISDICTION

The court has diversity jurisdiction over the claims because complete diversity exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . .").

## IV. FACTUAL BACKGROUND

On December 6, 2017, the court filed a Scheduling Order and Discovery Plan ("Scheduling Order") (docket no. 15), which provided that motions to add parties or motions to amend pleadings were due on February 8, 2018. *See* Scheduling Order at 1. On February 20, 2018, Black Soil's counsel emailed Defendants' counsel, stating, "The deadline to amend the pleadings snuck up on me faster than I thought. Would you have any objection to me filing a [m]otion to [a]mend the deadline and to fil[ing] a motion to amend our [Petition] to add a strict liability claim?" Resistance Exhibits (docket no. 27-2) at 34. In reply, Land O'Lakes's counsel stated that Land O'Lakes intended to object to any untimely motion to amend because Land O'Lakes had raised "[t]he issue of [Black Soil] suing the wrong party . . . several times during th[e] litigation" as early as September 2017. *Id*. Black Soil's counsel responded, "[T]hat's fine as everyone does things differently. I will file the motion to amend and see what the court does. If it isn't granted, I will dismiss without prejudice and file a new suit in federal court." *Id*. at 33.

On February 23, 2018, Black Soil filed a Motion to Amend (docket no. 17). In the Motion to Amend, Black Soil acknowledged that Land O'Lakes "produced its initial disclosures on December 26, 2017," but contended that it "ha[d] now reviewed the initial

2

disclosures" and determined that it was "necessary to add Milk Products LLC [("Milk Products")] . . . as a party to this action" and sought to "add a products liability claim against Land O'Lakes . . . and Milk Products." Motion to Amend at 2. On February 27, 2018, Land O'Lakes filed a Resistance to the Motion to Amend (docket no. 18). On March 19, 2018, United States Chief Magistrate Judge C.J. Williams denied the Motion to Amend. *See* March 19, 2018 Order (docket no. 23) at 6. Judge Williams found that, beginning in September 2017, Land O'Lakes had repeatedly informed Black Soil "that Milk Products was the correct defendant, not Land O'Lakes." *Id*. at 4. Judge Williams concluded that Black Soil "ha[d] not shown [that] it acted with diligence in complying with the deadline for moving to amend its [petition], and, therefore, . . . ha[d] failed to establish good cause." *Id*. Judge Williams also found that Black Soil's assertion of "garden-variety attorney inattention" did not establish excusable neglect. *Id*. at 5 (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir. 2000)).

## V. ANALYSIS

In the Motion, Black Soil seeks to voluntarily dismiss this case without prejudice. *See* Motion at 1. Black Soil asserts that its "damages are not fully ascertainable at this time" and, therefore, requests that the court dismiss this action without prejudice so "that it may [refile] at a later date in this same forum." *Id*. at 2. Land O'Lakes resists dismissal of this action, asserting that Black Soil is attempting to circumvent the denial of the Motion to Amend by refiling the matter at a later date. *See* Resistance at 3-4.

Pursuant to Federal Rule of Civil Procedure 41(a)(2), a court may order that an action be dismissed at the plaintiff's request "on terms that the court considers proper." According to the Eighth Circuit Court of Appeals:

> A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial

3

> time and effort; and whether a dismissal will prejudice the
> defendants.

*Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011) (quoting *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)). The Eighth Circuit has noted that the use of voluntary dismissal as an avenue for seeking a more favorable forum is inappropriate. *See id*. at 1214; *see also Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005) ("A party may not dismiss simply to . . . seek a more favorable forum."). Further, "a party is not permitted to dismiss merely to escape an adverse decision." *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (quoting *Thatcher*, 659 F.3d at 1214). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987).

The court first considers whether there has been a "substantial amount of time and judicial resources expended in this case." *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1141 (8th Cir. 2014). Judge Williams has held a scheduling conference and the court has issued substantive orders in this matter. *See* December 6, 2017 Minute Entry (docket no. 15); March 19, 2018 Order (denying the Motion to Amend); April 11, 2018 Order (docket no. 37) (denying as moot Land O'Lakes's Motion to Strike (docket no. 22) and granting Black Soil's Motion for Extension of Expert Deadline (docket no. 24)). Land O'Lakes has also produced its initial disclosures. *See* Motion to Amend at 2. The court notes that discovery has not yet closed and dispositive motions are not due for several months. *See Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) ("The grant of voluntary dismissal did not result in a waste of judicial time and effort, because the case had not progressed very far. The magistrate judge held two hearings on discovery disputes, but the case was still in the early stages of discovery."); *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262-63 (8th Cir. 1993) (upholding voluntary dismissal after some discovery had been completed and the

defendants had filed a motion for summary judgment). Therefore, this factor weighs slightly in favor of denying the Motion.

Second, the court considers the potential prejudice to Defendants. *See Paulucci*, 826 F.2d at 782. Land O'Lakes does not assert that it will be prejudiced by dismissal. *See generally* Resistance. "Legal prejudice means 'something other than the necessity that defendant might face of defending another action.'" *Mullen*, 770 F.3d at 728 (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)). "The expense and effort of drafting and responding to discovery prior to dismissal does not constitute legal prejudice." *Id*. Therefore, the court concludes that Land O'Lakes would not be prejudiced by dismissal and that this factor weighs in favor of granting the Motion.

The court next considers Black Soil's explanation for its desire to dismiss. *See Hamm*, 187 F.3d at 950 ("In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for it desire to dismiss . . . ."). Black Soil asserts that it is seeking dismissal because its "damages are not fully ascertainable at this time." Motion at 2. The court finds that this issue was resolved by Judge Williams's April 11, 2018 Order. Judge Williams concluded that Black Soil "ha[d] shown an inability to calculate its damages based on the information currently available and . . . ha[d] demonstrated the need for expert evidence corroborating its alleged damages." April 11, 2018 Order at 4. Judge Williams granted the Motion to Extend Expert Deadline, which sought an extension based on Black Soil's inability to calculate damages. *Id*. Judge Williams granted Black Soil's requested 120-day extension and set July 9, 2018, as the new deadline for Black Soil to disclose its expert witnesses. *Id*. Therefore, Black Soil's stated explanation no longer supports dismissal.

Further, the court finds that Black Soil's stated reason for seeking dismissal rings hollow. First, as highlighted by Land O'Lakes, Black Soil's counsel explicitly stated that he would "dismiss without prejudice and file a new suit in federal court" if the Motion to

Amend was denied. Resistance Exhibits at 33. Black Soil contends that "[t]his email is taken out of context by Land O'Lakes" and that it "was reflective of [Black Soil's] intention to dismiss and [refile] against the proper party, once it was determined who the actual manufacturer is in this case." Reply at 4. This contention is unconvincing in light of the Motion, which makes no mention of needing additional time to ascertain the proper defendant. Rather, Black Soil exclusively cites its inability to fully ascertain damages as the basis for dismissal.

The timing of the Motion also strongly suggests that Black Soil is merely attempting to circumvent the court's adverse ruling on the Motion to Amend. Black Soil filed the Motion two days after its Motion to Amend was denied. Therefore, the inference that Black Soil is merely attempting to circumvent the adverse ruling is strong. *See Scola v. Countrywide Home Loans, Inc.*, No. 05-1170-CV-W-FJG, 2006 WL 3335524, at *2 (W.D. Mo. Nov. 16, 2006) (denying the plaintiff's motion for voluntary dismissal where the "request [came] very close in time to the [c]ourt's adverse ruling, denying plaintiff's motion to designate his expert witness out of time"). This weighs heavily in favor of denying the Motion. *See Donner*, 709 F.3d at 697 ("[A] party is not permitted to dismiss merely to escape an adverse decision . . . ." (quoting *Thatcher*, 659 F.3d at 1214)); *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994) (stating that "[u]nfavorable rulings by the district court is not an acceptable basis to grant [the plaintiff's] voluntary dismissal"); *Minn. Min. & Mfg. Co. v. Barr Labs., Inc.*, 139 F. Supp. 2d 1109, 1116 (D. Minn. Apr. 17, 2001) ("[The plaintiff] is not entitled to a voluntary dismissal simply to escape an adverse judgment.").

Moreover, the adverse ruling was a direct result of Black Soil's own delay and failure to exercise diligence in prosecuting this action. *See Paulucci*, 826 F.2d at 783 (stating that "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action" is a factor weighing against granting a voluntary dismissal). Land

6

O'Lakes informed Black Soil as early as September 2017 that it was not the proper defendant. On December 6, 2017, Land O'Lakes again brought this issue to Black Soil's attention during the scheduling conference. *See* Reply Exhibits (docket no. 35-2) at 9. Black Soil had ample opportunity to timely amend the Petition to add additional parties and claims. It failed to act with diligence in complying with the deadline to amend the Petition. The court agrees that Black Soil's assertion of "garden-variety attorney inattention" did not establish excusable neglect. March 19, 2018 Order at 5 (quoting *Lowry*, 211 F.3d at 464). Black Soil cannot use a voluntary dismissal to compensate for its failure to diligently prosecute this case. Granting a voluntary dismissal where the plaintiff's adverse ruling is entirely a product of its failure to comply with scheduling orders and court-imposed deadlines would render those deadlines meaningless. Accordingly, the court finds that Black Soil is impermissibly seeking voluntary dismissal to avoid an adverse ruling and, therefore, the Motion should be denied.

## VI. CONCLUSION

For the foregoing reasons, the Motion to Dismiss (docket no. 25) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of May, 2018.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA