# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

BLACK SOIL DAIRY, LLC,

    Plaintiff,

vs.

LAND O'LAKES, INC.,

    Defendant.

No. 17-CV-4065-LRR

**ORDER**

_____

## TABLE OF CONTENTS

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.  RELEVANT PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . *1*

*III. SUBJECT MATTER JURISDICTION*. . . . . . . . . . . . . . . . . . . . . . . *2*

*IV.  RELEVANT FACTUAL BACKGROUND*. . . . . . . . . . . . . . . . . . . . . *2*

*V.   ANALYSIS*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

    *A.   Parties' Arguments* . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    *B.   Applicable Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
    *C.   Application* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

*VI.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

## *I. INTRODUCTION*

The matter before the court is Plaintiff Black Soil Dairy, LLC's ("Black Soil") "Renewed Motion for Voluntary Dismissal Without Prejudice" ("Motion") (docket no. 48).

## *II. RELEVANT PROCEDURAL HISTORY*

On August 15, 2017, Black Soil filed a "Petition and Jury Demand" ("Petition") (docket no. 2) in the Iowa District Court for Sioux County, Iowa ("Iowa District Court"). In the Petition, Black Soil asserts three claims against Defendant Land O'Lakes, Inc.

("Land O'Lakes")[1]: (1) Count I alleges that Land O'Lakes was negligent in a number of respects related to a milk replacement delivered to Black Soil; (2) Count II alleges that Land O'Lakes breached an implied warranty of fitness regarding the milk replacement; and (3) Count III alleges that Land O'Lakes breached its voluntarily assumed duties. *See* Petition at 3-5. On September 19, 2017, Land O'Lakes filed an Answer (docket no. 5). On October 13, 2017, Land O'Lakes filed a Notice of Removal (docket no. 1), bringing the case before the court.

On September 4, 2018, Black Soil filed the Motion. On September 18, 2018, Land O'Lakes filed a Resistance (docket no. 66). On September 25, 2018, Black Soil filed a Reply (docket no. 70). Neither party has requested oral argument and the court finds that oral argument is unnecessary. The matter is fully submitted and ready for decision.

### III. SUBJECT MATTER JURISDICTION

The court has diversity jurisdiction over the claims because complete diversity exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States.").

### IV. RELEVANT FACTUAL BACKGROUND

On December 6, 2017, the court filed a Scheduling Order and Discovery Plan ("Scheduling Order") (docket no. 15), which provided that motions to add parties or motions to amend pleadings were due on February 8, 2018. *See* Scheduling Order at 1. On February 20, 2018, Black Soil's counsel emailed Land O'Lakes's counsel, stating, "The deadline to amend the pleadings snuck up on me faster than I thought. Would you

---

[1] The Petition also included claims against Ridley USA Inc. ("Ridley"). *See generally* Petition. On August 22, 2018, Black Soil and Ridley filed a joint Stipulation of Dismissal Without Prejudice (docket no. 43), dismissing Ridley from this action without prejudice.

2

have any objection to me filing a [m]otion to [a]mend the deadline and to fil[ing] a motion to amend our [Petition] to add a strict liability claim?" Resistance to Motion to Dismiss Exhibits (docket no. 27-2) at 34. In reply, Land O'Lakes's counsel stated that Land O'Lakes intended to object to any untimely motion to amend because Land O'Lakes had raised "[t]he issue of [Black Soil] suing the wrong party . . . several times during th[e] litigation," as early as September 2017. *Id*. Black Soil's counsel responded, "That's fine as everyone does things differently. I will file the motion to amend and see what the court does. If it isn't granted, I will dismiss without prejudice and file a new suit in federal court." *Id*. at 33.

On February 23, 2018, fifteen days after the deadline to do so, Black Soil filed a Motion to Amend (docket no. 17). In the Motion to Amend, Black Soil acknowledged that Land O'Lakes "produced its initial disclosures on December 26, 2017," but contended that it "ha[d] now reviewed the initial disclosures" and determined that it was "necessary to add Milk Products LLC [("Milk Products")] . . . as a party to this action." Motion to Amend at 2. On February 27, 2018, Land O'Lakes filed a Resistance to the Motion to Amend (docket no. 18). On March 19, 2018, United States Chief Magistrate Judge C.J. Williams[2] denied the Motion to Amend. *See* March 19, 2018 Order (docket no. 23) at 6. Judge Williams found that, beginning in September 2017, Land O'Lakes had repeatedly informed Black Soil "that Milk Products was the correct defendant, not Land O'Lakes." *Id*. at 4. Judge Williams concluded that Black Soil "ha[d] not shown [that] it acted with diligence in complying with the deadline for moving to amend its [petition], and, therefore, . . . ha[d] failed to establish good cause." *Id*. Judge Williams also found that Black Soil's assertion of "garden-variety attorney inattention" did not establish excusable neglect. *Id*. at 5 (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir. 2000)).

---

[2] On September 11, 2018, Judge Williams became a United States District Court Judge for the Northern District of Iowa.

On March 21, 2018, just two days after Judge Williams denied the Motion to Amend, Black Soil filed a Motion to Dismiss (docket no. 25). In the Motion to Dismiss, Black Soil sought dismissal without prejudice, asserting that its "damages [were] not fully ascertainable at th[at] time." Motion to Dismiss at 2. On May 22, 2018, the court denied the Motion to Dismiss. *See* May 22, 2018 Order (docket no. 40). The court noted that "Black Soil's stated reason for seeking dismissal r[ang] hollow" and that "[t]he timing of the [Motion to Dismiss] . . . strongly suggest[ed] that Black Soil [was] merely attempting to circumvent the court's adverse ruling on the Motion to Amend." *Id*. at 5-6. The court concluded that Black Soil was "impermissibly seeking voluntary dismissal to avoid an adverse ruling" and denied the Motion to Dismiss. *Id*. at 7.

On July 2, 2018, in a separate action, Black Soil filed a Petition and Jury Demand ("Second Petition") in the Iowa District Court. *See* Appendix in Support of Motion (docket no. 48-2) at 15-20. In the Second Petition, Black Soil asserts the following claims against Milk Products and Doon Elevator Company ("Doon"): (1) Count I alleges that Milk Products was negligent in a number of respects related to a milk replacement delivered to Black Soil; (2) Count II alleges that Milk Products breached an implied warranty of fitness regarding the milk replacement; (3) Count III alleges a products liability claim against Milk Products; and (4) Count IV alleges a negligence claim against Doon. *See id*. at 16-19. Land O'Lakes is not a party to the state court action.

On August 16, 2018, Land O'Lakes filed a Motion for Summary Judgment (docket no. 42). On August 31, 2018, Black Soil filed a Motion for Extension of Time to Respond to the Motion for Summary Judgment (docket no. 45) and a Motion for Extension of Time to Request a Rule 56(d) Continuance (docket no. 46). On September 4, 2018, Defendant filed the Motion and a Motion to Continue Consideration of the Motion for Summary Judgment (docket no. 50). On September 5, 2018, the court denied the Motion for Extension of Time to Respond to the Motion for Summary Judgment, the Motion for

4

Extension of Time to Request a Rule 56(d) Continuance and the Motion to Continue Consideration of the Motion for Summary Judgment. *See* September 5, 2018 Order (docket no. 53). The court found that Black Soil had failed to timely file the motions for extensions, failed to establish good cause to warrant the extensions and noted that Black Soil had repeatedly failed to comply with scheduling deadlines and to exercise diligence in prosecuting this action. *See id.* at 4-7.

## V. ANALYSIS

### A. *Parties' Arguments*

In the Motion, Black Soil seeks to voluntarily dismiss this case without prejudice. *See* Motion at 1. Black Soil states that "[t]he reason and purpose for filing the present Motion . . . is because it is clear now that . . . Milk Products LLC was the manufacturer of the feed ingredient in question." Motion at 2. Black Soil provides considerable background as to its alleged confusion as to who was the proper defendant. *See generally* Brief in Support of Motion (docket no. 48-1) at 6-15. Black Soil contends that "documentation that was produced in April of 2018" demonstrated that Doon Elevator was also a viable defendant. *Id*. at 13. Black Soil "wishes to proceed against the proper defendants, Doon . . . and Milk Products . . . in the Iowa state court action that has been filed." *Id*. at 15. Black Soil further asserts that dismissal is appropriate because it "should not . . . have to continue to litigate a claim against a [d]efendant that does not have liability as it did not manufacture the product." *Id*. at 18.

Land O'Lakes resists dismissal of this action without prejudice. Resistance at 1. Land O'Lakes asserts that Black Soil is impermissibly attempting "to avoid unfavorable rulings in this case and to pursue its claims in Iowa state court where it has already filed a case." *Id.* Land O'Lakes further asserts that "[d]ismissal would also result in a waste of judicial time and resources and prejudice Land O'Lakes" due to "the extensive discovery, disclosures and motion practice . . . that have taken place." *Id.*

5

### B. Applicable Law

Pursuant to Federal Rule of Civil Procedure 41(a)(2), a court may order that an action be dismissed at the plaintiff's request "on terms that the court considers proper." According to the Eighth Circuit Court of Appeals:

> A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants.

*Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011) (quoting *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)). The Eighth Circuit has noted that the use of voluntary dismissal as an avenue for seeking a more favorable forum is inappropriate. *See id.* at 1214; *see also Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005) ("A party may not dismiss simply to . . . seek a more favorable forum."). Further, "a party is not permitted to dismiss merely to escape an adverse decision." *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (quoting *Thatcher*, 659 F.3d at 1214). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987).

### C. Application

The court first considers whether "dismissal would result in a waste of judicial time and effort." *Thatcher*, 659 F.3d at 1213-14 (quoting *Hamm*, 187 F.3d at 950). This case has been pending before the court for nearly one year. During this time, Judge Williams held a scheduling conference and has issued several substantive orders. *See* December 6, 2017 Minute Entry (docket no. 14); March 19, 2018 Order (denying the Motion to Amend); April 11, 2018 Order (docket no. 37) (denying as moot Land O'Lakes's Motion

to Strike (docket no. 22) and granting Black Soil's Motion for Extension of Expert Deadline (docket no. 24)). The court has also issued several substantive orders. *See* May 22, 2018 Order (denying Black Soil's Motion to Dismiss); September 5, 2018 Order (denying Black Soil's Motion for Extension of Time to Respond to Summary Judgment, Motion for Extension of Time to Request a Rule 56(d) Continuance and Motion to Continue Consideration of the Motion for Summary Judgment). The court finds that there has been a substantial amount of time and judicial resources expended in this case. *See Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) ("The grant of voluntary dismissal did not result in a waste of judicial time and effort, because the case had not progressed very far. The magistrate judge held two hearings on discovery disputes, but the case was still in the early stages of discovery."). Therefore, this factor weighs heavily in favor of denying the Motion.

Second, the court considers the potential prejudice to Land O'Lakes. *See Paulucci*, 826 F.2d at 782. "Legal prejudice means 'something other than the necessity that defendant might face of defending another action.'" *Mullen*, 770 F.3d at 728 (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)). "The expense and effort of drafting and responding to discovery prior to dismissal does not constitute legal prejudice." *Id*.

The court notes that the dispositive motions deadline has passed and Land O'Lakes filed a pending Motion for Summary Judgment. *See* April 11, 2018 Order at 4 (setting August 24, 2018, as the dispositive motions deadline). The parties are less than two weeks from the close of discovery. *See id*. (setting October 10, 2018, as the discovery deadline). Further, the expert witness deadlines have already passed. *See id*. (setting Black Soil's expert witness deadline as July 9, 2018, and Land O'Lakes's expert witness deadline as September 10, 2018). Additionally, the parties have also filed a significant number of motions in recent weeks that are currently pending in addition to the Motion.

7

*See* Land O'Lakes's Motion for Summary Judgment; Land O'Lakes's Motion to Exclude Expert (docket no. 44); Black Soil's Motion to Strike Affidavit and Exclude Expert (docket no. 49); Land O'Lakes's Motion to Strike Undisclosed Expert Opinions (docket no. 56); Land O'Lakes's Motion to Deem Statement of Undipsuted Facts Admitted (docket no. 57); Land O'Lakes's Motion to Strike Black Soil's Statement of Undipsuted Material Facts (docket no. 58); Black Soil's Motion to Amend/Correct Resistance (docket no. 65). Land O'Lakes has expended significant effort and expense in this case. *See Beavers v. Bretherick*, 227 F. App'x 518, 522 (8th Cir. 2007) (concluding that the district court abused its discretion in granting a motion for voluntary dismissal where "[t]he defendant ha[d] expended effort and expense in preparing for trial and ha[d] filed a motion for summary judgment on which the [d]istrict [c]ourt ha[d] not ruled").

Black Soil contends that Land O'Lakes will not be prejudiced by dismissal because "the documentation that has been exchanged between the parties can and will be used in the Iowa [s]tate [c]ourt action." Brief in Support of Motion at 16. The Eighth Circuit "has previously held that when a court dismisses an action to be refiled in state court, judicial time and effort are not wasted where much of the evidence may be used in state court." *Blaes v. Johnson & Johnson*, 858 F.3d 508, 513 (8th Cir. 2017). However, Black Soil acknowledges that Land O'Lakes "is not a party to the Iowa state court case and [it] does not expect to add [Land O'Lakes] as a party." Brief in Support of Motion at 16. That Black Soil has brought a case against alternate parties does not compel a conclusion that Land O'Lakes will not be legally prejudiced by a dismissal without prejudice. Further, if Black Soil were to add Land O'Lakes as a party to the Iowa state court case Land O'Lakes would be, as Black Soil admits, deprived of the federal forum. *See id.* at 18 (noting that the Iowa state court action . . . includes an Iowa based corporation which destroys diversity"). Therefore, the court finds that this factor weighs in favor of denying the Motion.

The court next considers Black Soil's explanation for its desire to dismiss. *See Hamm*, 187 F.3d at 950 ("In exercising [its] discretion, a court should consider factors such as whether the party has presented a proper explanation for it desire to dismiss . . . ."). Black Soil states that "[t]he reason and purpose for filing the present Motion . . . is because it is clear now that . . . Milk Products LLC was the manufacturer of the feed ingredient in question." Motion at 2. Black Soil asserts that it "was informed informally . . . in July of 2018 that Milk Products LLC had manufactured the product" at issue. Brief in Support of Motion at 12. Black Soil further contends that "documentation that was produced in April of 2018" demonstrated that Doon Elevator was also a viable defendant. *Id.* at 13.

The court finds Black Soil's stated explanation for dismissal lacking. In the Motion to Amend, filed on February 23, 2018, Black Soil asserted that it "ha[d] now determined it is necessary to add Milk Products LLC . . . as a party to this action because Milk Products LLC may be the actual manufacturer of the feed ingredient in question." Motion to Amend at 2. However, Land O'Lakes informed Black Soil as early as September 2017 that it was not the proper defendant. *See* Thompson Declaration (docket no. 18-2). On December 6, 2017, Land O'Lakes again brought this issue to Black Soil's attention during the scheduling conference. *See* Reply to Motion to Dismiss Exhibits (docket no. 35-2) at 9. Additionally, based on Black Soil's own filings, it was aware by February 2018, rather than July 2018 as alleged, that Milk Products may be the proper defendant. Further, Black Soil filed the Second Petition, against Milk Products and Doon, on Monday, July 2, 2018. This timing suggests that Black Soil did not first learn that Milk Products was the manufacturer in July of 2018, as it alleges. Even assuming that Black Soil's contention that it did not determine that Milk Products and Doon were proper defendants until July 2018, was not dubious, Black Soil provides no explanation for its two-month delay in filing the Motion in this case. *Compare* Appendix in Support of Motion at 15 (noting that the

Second Petition was filed July 2, 2018), *with* Motion (noting that the Motion was filed September 4, 2018). Thus, the court finds that Black Soil's asserted reason for seeking dismissal rings hollow and, therefore, this factor weighs heavily in favor of denying the Motion.

Perhaps most telling is Black Soil's statement that it "should not . . . have to continue to litigate a claim against a [d]efendant that does not have liability as it did not manufacture the product" at issue. Brief in Support of Motion at 18. However, in light of the above, the court does not find that this provides a basis to grant the Motion without prejudice. Accordingly, the court shall deny the Motion.

### VI. CONCLUSION

For the foregoing reasons, the Renewed Motion to Dismiss (docket no. 48) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 27th day of September, 2018.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA