# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| BLACK SOIL DAIRY, LLC, | ‖ |  |
| Plaintiff, | ‖ | No. 17-CV-4065-LRR |
| vs. | ‖ | **ORDER** |
| LAND O'LAKES, INC., | ‖ |  |
| Defendant. | ‖ |  |

## I. *INTRODUCTION*

The matter before the court is Plaintiff Black Soil Dairy, LLC's ("Black Soil") "Motion to Strike Affidavit of Dr. Julian Olson DVM and Supporting Documents Relied Upon by Defendant [Land O'Lakes] in Support of its Motion for Summary Judgment . . . and Motion to Exclude Expert" ("Motion") (docket no. 49).

## II. *RELEVANT PROCEDURAL HISTORY*

On August 15, 2017, Black Soil filed a "Petition and Jury Demand" ("Petition") (docket no. 2) in the Iowa District Court for Sioux County, Iowa. In the Petition, Black Soil asserts three claims against Defendant Land O'Lakes, Inc. ("Land O'Lakes")[1]: (1) Count I alleges that Land O'Lakes was negligent in a number of respects related to a milk replacement delivered to Black Soil; (2) Count II alleges that Land O'Lakes breached an implied warranty of fitness regarding the milk replacement; and (3) Count III alleges that Land O'Lakes breached its voluntarily assumed duties. *See* Petition at 3-5. On September 19, 2017, Land O'Lakes filed an Answer (docket no. 5). On October 13, 2017, Land

---

[1] The Petition also included claims against Ridley USA Inc. ("Ridley"). *See generally* Petition. On August 22, 2018, Black Soil and Ridley filed a joint Stipulation of Dismissal Without Prejudice (docket no. 43) dismissing Ridley from this action without prejudice.

O'Lakes filed a Notice of Removal (docket no. 1), bringing the case before the court.

On December 6, 2017, United States Chief Magistrate Judge C.J. Williams[2] adopted the parties' proposed deadlines. *See* December 6, 2017 Minute Entry (docket no. 14). In relevant part, the parties' deadlines were as follows: Black Soil's expert witness disclosure deadline was March 9, 2018, Land O'Lakes's expert witness disclosure deadline was May 9, 2018, Black Soil's rebuttal expert witness disclosure deadline was June, 11, 2018, and the dispositive motions deadline was August 10, 2018. *See* Scheduling Order (docket no. 15) at 1.

On March 9, 2018, Black Soil filed the Designation of Experts (docket no. 21), which designated Daniel E. Little as an expert witness. *See* Designation of Experts at 1. Black Soil failed to provide Dr. Little's written report by the March 9, 2018 deadline. *See generally id.* On March 21, 2018, twelve days after the deadline, Black Soil filed a Motion to Extend Expert Deadline (docket no. 24), seeking "an additional 120 days to produce expert's reports." Motion to Extend Expert Deadline at 4. Black Soil "offer[ed] no explanation for why it did not bring the . . . motion prior to the expiration of the expert witness deadline." April 11, 2018 Order (docket no. 37) at 4 (noting that Black Soil "would have become aware of its inability to calculate damages prior to the expiration of the deadline and . . . could have moved to extend the deadline before the deadline had expired" but did not do so (emphasis omitted)).

Nevertheless, Judge Williams granted the Motion to Extend Expert Deadline and set July 9, 2018, as Black Soil's expert witness disclosure deadline, August 24, 2018, as the dispositive motions deadline, September 10, 2018, as Land O' Lakes's expert witness disclosure deadline and October 10, 2018, as Black Soil's rebuttal expert witness disclosure deadline and the discovery deadline. *Id.* Judge Williams noted that setting the

---

[2] On September 11, 2018, Judge Williams became a United States District Court Judge for the Northern District of Iowa.

dispositive motions deadline prior to Land O'Lakes's expert witness disclosure deadline was unusual, but found it acceptable because the court was "not willing to prejudice [Land O'Lakes]" by granting Black Soil's Motion to Extend Expert Deadline. *Id*. at 4-5. Judge Williams further provided, "Should the setting of defendant['s] expert deadline prior to the dispositive motions deadline prove prejudicial to any party, that party may petition the [c]ourt at a later date to file a dispositive motion following the expiration of the dispositive motions deadline." *Id*. at 5. Neither party filed such a motion.

On August 16, 2018, Land O'Lakes filed the Motion for Summary Judgment (docket no. 42). On August 23, 2018, Land O'Lakes filed a Motion to Exclude Plaintiff's Expert (docket no. 44). On September 4, 2018, Black Soil filed the Motion. On September 5, 2018, Land O'Lakes filed a Resistance (docket no. 51). Neither party has requested oral argument and the court finds that oral argument is unnecessary. The matter is fully submitted and ready for decision.

### III. ANALYSIS

In the Motion, Black Soil asserts that Land O'Lakes "submitted an [a]ffidavit of Julian ("Skip") Olson" in support of its Motion for Summary Judgment and Motion to Exclude Plaintiff's Expert and that the affidavit "contains numerous expert opinions that were not previously disclosed by [Land O'Lakes]." Motion at 1. Black Soil also contends that the affidavit of Dr. Olson should be stricken because Land O'Lakes "did not identify Dr. Olson as an expert in response to discovery requests" and the affidavit "relies upon hearsay statements." Brief in Support of Motion (docket no. 49-1) at 3. The court shall address each argument in turn.

### A. Failure to Disclose

Black Soil argues that Dr. Olson's affidavit "should be stricken for failure to disclose and/or supplement expert opinions as required by Rules 26(a)(2)(B)(i) and (e)." *Id*. at 3.

Federal Rule of Civil Procedure 26 provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). The disclosure of expert testimony "must be accompanied by a written report—prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Parties must supplement expert disclosures as required by the Federal Rules. *See* Fed. R. Civ. P. 26(e) (providing when a party must supplement an expert disclosure). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

As noted above, Land O'Lakes's deadline to disclose expert witnesses was September 10, 2018. *See* April 11, 2018 Order at 4 (setting September 10, 2018, as Land O'Lakes's expert witness disclosure deadline). Thus, Land O'Lakes was not required to disclose Dr. Olson as an expert prior to filing its Motion for Summary Judgment on August 16, 2018, or its Motion to Exclude Plaintiff's Expert on August 23, 2018. Black Soil was well aware of these deadlines, which were the product of its failure to timely file its own expert witness disclosure. *See* April 11, 2018 Order at 4 (noting that setting the dispositive motions deadline prior to Land O'Lakes's expert witness disclosure deadline was unusual, but acceptable in light of Black Soil's requested extension). Land O'Lakes was not required to disclose its expert witness until September 10, 2018, and therefore, Land O'Lakes did not fail to timely disclose its expert prior to relying upon it in the Motion for Summary Judgment or the Motion to Exclude Plaintiff's Expert. Accordingly, the court shall deny the Motion on the ground of failure to disclose.

## B. Hearsay

Black Soil asserts that "Dr. Olson's opinions . . . rely upon hearsay statements and documents not produced in discovery." Brief in Support of Motion at 10. Black Soil contends that the court should, therefore, disregard Dr. Olson's affidavit in addressing the Motion for Summary Judgment and the Motion to Exclude Plaintiff's Expert. *See id.* at 10-11. Black Soil specifically points to Dr. Olson's reliance on Exhibit D, Exhibit I and his statements in paragraphs 20, 21 and 22 of his affidavit. *See id.* at 11-14.

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Thus, "[w]hen an affidavit contains an out-of-court statement offered to prove the truth of the statement that is inadmissible hearsay, the statement may not be used to support or defeat a motion for summary judgment." *Jenkins v. Winter*, 540 F.3d 742, 748 (8th Cir. 2008) (quoting *Brooks v. Tri-Sys., Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005)). However, "an affidavit is admissible if it states the affiant's personal knowledge or perception acquired through review of records prepared in the ordinary course of business." *Progressive Cas. Ins. Co. v. Fed. Deposit Ins. Corp.*, 80 F. Supp. 3d 923, 934 (N.D. Iowa 2015). Further, "an expert may rely on otherwise inadmissible hearsay evidence in forming his opinion if the facts and data upon which he relies are of a type reasonably relied upon by experts in [the] field." *Arkwright Mut. Ins. Co. v. Gwinner Oil, Inc.*, 125 F.3d 1176, 1182 (8th Cir. 1997) (citing Fed. R. Evid. 703). Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; [the Federal Rules of Evidence]; or other rules prescribed by the Supreme Court." Fed. R. Evid. 802.

### 1.    *Exhibit D*

Black Soil first objects to Dr. Olson's reliance on Exhibit D.  Black Soil asserts that Exhibit D consists of "invoices from a non-party Central Veterinary Clinic."  Brief in Support of Motion at 12.  Contrary to Black Soil's assertion, the document contained in Land O'Lakes's Appendix in Support of Motion for Summary Judgment ("MSJ Appendix") (docket no. 42-4) as Exhibit D is an invoice evidencing Milk Products's sale of "11,850 pounds of the [p]roduct to Ridley."  MSJ Appendix at 22.  The documents to which Black Soil refers were not attached to, or referenced in, Dr. Olson's affidavit.  *See generally* MSJ Appendix at 20-60.  Therefore, the invoices cited by Black Soil do not provide any grounds for objection to Dr. Olson's affidavit.  Accordingly, the court shall deny the Motion as to Exhibit D.

### 2.    *Exhibit I*

Black Soil also objects to Dr. Olson's reliance on Exhibit I.  *See* Brief in Support of Motion at 11-12.  Exhibit I contains "certificates and other documents" that vendors supplied to Milk Products "confirming that their ingredients were negative for Salmonella."  MSJ Appendix at 25.  Black Soil contends that Exhibit I should be stricken from the record because it consists of documents that "contain hearsay statements" and "Dr. Olson lacks personal knowledge as to the substance of such documents."  Brief in Support of Motion at 12.

The court finds that the documents constitute test results and are akin to laboratory test reports.  Therefore, the court finds that these documents are admissible under the business records exception.  *See Shelton v. Consumer Prods. Safety Comm'n*, 277 F.3d 998, 1010 (8th Cir. 2002) ("[L]aboratory test reports constitute business records and therefore are admissible subject to the requirements of [Federal Rule of Evidence 803(6)]."); *see also United States v. Baker*, 855 F.2d 1353, 1359-60 (8th Cir. 1988) (affirming the district court holding that regularly conducted laboratory reports were

admissible as business records under Federal Rule of Evidence 803(6)). Black Soil has offered nothing to challenge the reliability of the documents nor has it contended that these reports were made on other than a routine basis. *See Baker*, 855 F.2d at 1360. Further, even assuming Exhibit I did not qualify as business records, the court finds that it contains the type of records upon which an expert would reasonably rely in forming his or her opinions. *See Arkwright*, 125 F.3d at 1182. Accordingly, the court shall deny the Motion as to Exhibit I.

### *3.      Paragraphs 20, 21 and 22*

Finally, Black Soil objects to Dr. Olson's reliance on hearsay statements in paragraphs 20, 21 and 22 of his affidavit. *See* Brief in Support of Motion at 13-14. These paragraphs pertain to purchases and complaints made by Hillside Calf Barn, Dykstra Calf Ranch and RJF Enterprises. *See* MSJ Appendix at 25-27. Black Soil asserts that Dr. Olson does not cite to an affidavit or deposition testimony to support his statements that these consumers' complaints did not regard Salmonella or malnutrition. *See* Brief in Support of Motion at 13-14.

Black Soil is correct that the paragraphs at issue do not include citations to outside sources. However, Dr. Olson testified that he has "personal information and knowledge relating to the facts set forth in th[e] [a]ffidavit." MSJ Appendix at 20. He further stated that "[a]s part of [his] job for Milk Products, [he is] responsible for product development, research, complaint investigation and management and sales support." *Id*. at 21. The court finds that these paragraphs contain statements based on Dr. Olson's personal knowledge that he gained within the scope of his employment. Therefore, these statements do not constitute hearsay. Accordingly, the court shall deny the Motion as to these paragraphs.

### *IV.  CONCLUSION*

For the foregoing reasons, the Motion to Strike Affidavit of Dr. Julian Olson and

the Supporting Documents Relied Upon by Land O'Lakes in Support of its Motion for Summary Judgment and Motion to Exclude Expert (docket no. 49) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 1st day of October, 2018.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA